IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DENNIS GILL on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Class & Collective Action |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:18-cv-415 |
| MIRACLE WORKS, LTD. and BRANDON CLEAVES, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

This is a proposed class and collective actions brought on behalf of all former and current hourly employees of Defendants ("the Class" and "the Collective Class") against Defendants, Miracle Works, LTD. ("Miracle Works"), and Brandon Cleaves.

### I. Parties

1. Each member of the proposed Class action is or was an hourly employee of Defendants who worked or is working in the State of Indiana at any times relevant to this action.

2. Each member of the proposed Collective action is or was an hourly employee of Defendants at any time relevant to this action.

3. Plaintiff, Mr. Gill, is a resident of Indianapolis, Indiana.

4. Defendant, Miracle Works, is a business that is headquartered in Indianapolis, Indiana.

5. Mr. Cleaves is the owner of Miracle Works.

6. Mr. Cleaves is the managers of Miracle Works.

7. Mr. Cleaves is responsible for determining how the employees of Miracle Works are paid.

## II. Jurisdiction and Venue

8. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff and the Collective Action bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

9. This court has jurisdiction to hear the state claims of Plaintiff and the Class Action pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

10. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendants doing business in this District.

## III. Class Action Allegations

11. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were hourly employees of Miracle Works ("the Collective Class").

12. Plaintiff also brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as hourly employees who worked or are working in the State of Indiana for Miracle Works ("the Class").

13. The members of the Class and Collective Class were paid on an hourly basis.

14. The members of the Class and Collective Class were paid on a bi-monthly basis.

15. The members of the Class and Collective Class were paid on the 5th of each month.[1]

16. The members of the Class and Collective Class were paid on the 20th of each month.[2]

17. One pay period of the members of the Class and Collective Class was the 6th to the 20th of the month ("Pay Period A").

18. The other pay period of the members of the Class and Collective Class was the 21st to the 5th of the following month ("Pay Period B").

19. The members of the Class and Collective Class were not paid for their hourly, minimum and/or overtime wages earned during Pay Period A until the 20th of the following month or 1 month after the pay period ended.

20. The members of the Class and Collective Class were not paid for their hourly, minimum and/or wages earned during Pay Period B until the 5th of the following month or 1 month after the pay period ended.

21. The members of the Class action were not paid their hourly wages within ten business days of the end of Pay Period A or Pay Period B.

22. Miracleworks acted in bad faith in failing to pay members of the Class their hourly wages in a timely fashion.

---

[1] If the 5th or 20th of the month feel on a weekend or holiday, then Miracle Works would pay wages right before or after the weekend or holiday in question.
[2] See footnote #1.

23. The members of the Collective action who worked or are working in the State of Indiana were not paid their minimum and/or overtime wages within ten business days of the end of Pay Period A or Pay Period B.

24. The members of the Collective action who worked or are working in the State of Illinois were not paid their minimum and/or overtime wages within 13 days of the end of Pay Period A or Pay Period B.

25. Defendants willfully failed to pay members of the Collective Class their minimum and/or overtime wages in a timely fashion.

26. The members of the Class and Collective actions were not paid for time spent driving between client appointments and/or to training or meetings.

27. The members of the Class and Collective actions were not paid for time spent preparing and filing reports and invoices for each client appointment.

28. The members of the Class and Collective actions were not paid for time spent in training.

29. The members of the Class and Collective actions were not paid for time spent in meetings.

30. Miracle Works acted in bad faith in failing to pay members of the Class their hourly wages for time spent performing this work for Miracle Works.

31. Defendants willfully failed to pay members of the Collective Class for this time worked.

32. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, addresses, and relevant documentation of members of the Class and

Collective Class should be in the business records of Miracle Works. Notice may be provided to members of the Class and Collective Class or their personal representatives via first class mail using techniques and a form of notice similar to those customarily used in class actions.

### IV.     Factual Allegations

33. Mr. Gill began employment with Miracle Works on April 26, 2017.

34. Mr. Gill was paid on an hourly basis.

35. Miracle Works paid Mr. Gill on a bi-monthly basis.

36. Mr. Gill worked for Miracle Works as a tutor.

37. Mr. Gill was paid $24.00 per hour while tutoring.

38. Mr. Gill was paid $7.25 per hour while making court appearances.

39. Miracle Works paid Mr. Gill on the 5th of each month.[3]

40. Miracle Works paid Mr. Gill on the 20th of each month.[4]

41. One pay period of Mr. Gill was the 6th to the 20th of the month ("Pay Period A").

42. The other pay period of Mr. Gill was the 21st to the 5th of the following month ("Pay Period B").

43. Mr. Gill was not paid for his hourly, minimum and/or overtime wages earned during Pay Period A until the 20th of the following month or 1 month after the pay period ended.

44. Mr. Gill was not paid for his hourly, minimum and/or wages earned during Pay Period B until the 5th of the following month or 1 month after the pay period ended.

---

[3] See footnote #1.
[4] See footnote #1.

45. Mr. Gill was not paid their hourly wages within ten business days of the end of Pay Period A or Pay Period B.

46. Miracleworks acted in bad faith in failing to pay Mr. Gill his hourly wages in a timely fashion.

47. Mr. Gill was not paid his minimum and/or overtime wages within ten business days of the end of Pay Period A or Pay Period B.

48. Defendants willfully failed to pay Mr. Gill his minimum and/or overtime wages in a timely fashion.

49. Mr. Gill was not paid for time spent driving between client appointments and/or to training or meetings.

50. Mr. Gill was not paid for time spent preparing and filing reports and invoices for each client appointment.

51. Mr. Gill was not paid for time spent in training.

52. Mr. Gill was not paid for time spent in meetings.

53. Miracle Works acted in bad faith in failing to pay Mr. Gill his hourly wages for time spent performing this work for Miracle Works.

54. Defendants willfully failed to pay Mr. Gill for this time worked.

55. Mr. Gill is a current employee of Miracle Works.

### Count I - Collective Action
### Failure to Properly Pay Minimum & Overtime Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

56. Plaintiffs incorporate paragraphs 1 through 55 by reference herein.

57. Plaintiff and the members of the Collective Class are or were employees of Miracle Works pursuant to the FLSA.

58. Miracle Works is an employer pursuant to the FLSA.

59. Plaintiff and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

60. Miracle Works had gross revenues of at least $500,000.00 for the 2014 calendar year.

61. Miracle Works had gross revenues of at least $500,000.00 for the 2015 calendar year.

62. Miracle Works had gross revenues of at least $500,000.00 for the 2016 calendar year.

63. Miracle Works had gross revenues of a least $500,000.00 for the 2017 calendar year.

64. Mr. Cleaves is an employer pursuant to the FLSA.

65. Defendants have failed to pay all minimum wages owed to Plaintiff and the members of the Collective Class.

66. Defendants have failed to pay all overtime wages owed to Plaintiff and the members of the Collective Class.

67. Defendants have failed to timely pay all minimum and overtime wages owed to Plaintiff and the members of the Collective Class.

68. Plaintiff and the members of the Collective Class have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A.  Enter an award for Plaintiff and the members of the Collective Class for the minimum and overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B.  Enter an award for liquidated damages with interest as permitted by the FLSA.

C.  Enter an order awarding Plaintiff and the members of the Collection Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D.  Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II - Individual Action
Failure to Properly Pay Wages
Pursuant to the Wage Payment Statute, I.C. §22-9-2 *et. seq.***

69.  Mr. Wells incorporates paragraphs 1 through 68 by reference herein.

70.  Mr. Gill and the members of the Class were not paid all wages due and owing in a timely fashion during their employment.

71.  Mr. Gill and the members of the Class has been damaged by Miracle Works' violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest as permitted by the Wage Payment Statute.

B. Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

    Respectfully submitted,

    BARKER HANCOCK & COHRON

    /s/Ronald E. Weldy
    Ronald E. Weldy, #22571-49
    Proposed Class & Collective Action Counsel

Barker Hancock & Cohron
198 South 9th Street
Noblesville, IN 46060
Tel: (317) 203-3000
E-mail: rweldy@bhclegal.com